UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN COPELAND, MDI INVESTMENTS, LLC,

    Plaintiffs,

v.

KERRY RAY LAMPKIN,

    Defendant.

Case No. 22-11954
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT [33]**

After dodging service for three months and filing four motions to extend his time to answer, Kerry Ray Lampkin was defaulted on February 13, 2023—almost six months after the complaint was filed. He then filed for bankruptcy in Georgia, causing this case to be stayed. The bankruptcy court released the case from the automatic stay in March 2024, and Plaintiffs renewed their motion for default judgment against Lampkin. Lampkin did not respond to that motion, nor seek to set aside the clerk's 2023 entry of default. So on April 12, 2024, the Court entered a default judgment against Lampkin. Ten days later, Lampkin filed a motion to set aside the default judgment and, for the first time, laid out his defenses to the Plaintiffs' claims. But his response is more than a year too late. Lampkin has not shown good cause to set aside the default, so his motion is denied.

## I.

Despite this case ending in a default judgment, it has a somewhat lengthy procedural history.

On August 19, 2022, Jon Copeland and MDI Investments, LLC, sued Kerry Lampkin and Precipice Investments, LLC, for breach of contract, fraudulent misrepresentation, fraudulent inducement, common law and statutory conversion, and unjust enrichment. (ECF No. 1.) According to the complaint, the parties entered into an agreement to purchase, rehabilitate, and rent multiple residential properties in the State of Michigan. (*Id.* at PageID.5–6.) They agreed to do this by forming another LLC, MITX, with Copeland and Precipice as members. (*Id.* at PageID.4–5.) Instead of complying with the agreement, however, Plaintiffs say that Lampkin and Precipice took their money and "began their real estate scam . . . which defrauded Copeland and MITX out of significant sums of money and real property, and . . . caused Copeland and Plaintiff MDI to incur more than $1,000,000 in damages." (*Id.* at PageID.7–8.) This "scam" included misrepresenting the purchase price of multiple properties, leaving Plaintiffs to pay 100% of the property price instead of the 50% agreed to. (*Id.* at PageID.8–9.) Lampkin also allegedly provided Copeland with fake deeds. (*Id.* at PageID.10.)

In September 2022, Plaintiffs twice attempted to serve Lampkin at the Georgia address he provided to the Court, but with no success. (ECF No. 14, PageID.206.) The process server found that the residence was vacant, "with a lockbox on the door" and "no furniture inside." (*Id.*) A neighbor informed them that Lampkin had moved to

2

Texas. (*Id.*) During this time, Lampkin was communicating with Plaintiffs' counsel by email (s*ee* ECF Nos. 14-4, 14-5, 14-6), calling the Court, and e-filing motions to extend his time to answer (*see* ECF Nos. 7, 12, 16, 23). Plaintiffs' counsel asked Lampkin if he would accept service by email. (ECF No. 14-6, PageID.228–229.) He refused. (*Id.* at PageID.228.) Plaintiffs also attempted to locate Lampkin through an attorney he was meeting with in Michigan, but that attorney was never retained by Lampkin for the case and had lost touch with him. (ECF Nos. 14-7, 14-8.) So Plaintiffs filed a motion for alternative service (ECF No. 14) which the Court granted, approving service by posting the complaint to the door of the vacant Georgia address—Lampkin's only address on file with the Court—and emailing the complaint and summons to Lampkin's known email address(es) (ECF No. 15).

The Court entered a Text-Only Order on November 18, 2022, stating that Lampkin had sixty days to answer after being served by these alternate means. Lampkin was served by email on November 14 (ECF No. 17, PageID.250) and by posting on November 19 (ECF No. 20, PageID.266). Giving Lampkin the benefit of the later date, he had until January 18, 2023, to answer. But he failed to do so. So on January 19, 2023, Plaintiffs requested a clerk's entry of default as to Lampkin. (ECF No. 21.)

The very next day, Lampkin filed his fourth motion to extend his time to answer (ECF No. 23) which the Court denied (Text-Only Order, Jan. 24, 2023 ("The Court has already granted three extensions and warned Lampkin that '[f]ailure to timely respond may result in the entry of a default judgment.' And Lampkin has had

3

at least four months to either secure counsel or decide to represent himself. The Court sees no reason to further extend his time.").) The clerk entered a default against Lampkin on February 13, 2023. (ECF No. 24.)

Lampkin did not move to set aside this default. Instead, unbeknownst to the Plaintiffs or this Court, he filed for bankruptcy in Georgia on May 19, 2023. *In re Lampkin*, No. 23-54718, (Bankr. N.D. Ga. May 19, 2023), ECF No. 1. This caused an automatic stay of claims against Lampkin. *See* 11 U.S.C. § 362. Having no knowledge of the bankruptcy proceeding, Plaintiffs filed a motion for default judgment against Lampkin on May 24. (ECF No. 25.) One week later, Plaintiffs received notice of the bankruptcy. (ECF No. 27, PageID.584.) But the Court received no notice, and on September 1, directed Plaintiffs to submit a proposed order for default judgment. (ECF No. 26.) Plaintiffs informed the Court of the bankruptcy proceedings and indicated that they planned to petition the bankruptcy court to lift the stay of their claims against Lampkin. (ECF No. 27, PageID.584–585.) Since the bankruptcy proceedings did not stay claims against Precipice Investments, LLC, the Court granted default judgment against it (ECF Nos. 28, 29) then stayed the case as to Lampkin.

Several months later, on March 13, 2024, Plaintiffs were successful in getting the bankruptcy court to lift the stay of this case. (ECF No. 30-15, PageID.929–930); *see also In re Lampkin*, No. 23-54718, (Bankr. N.D. Ga. March 13, 2024), ECF No. 63. Plaintiffs again moved for default judgment against Lampkin. (ECF No. 30.) Lampkin did not move to set aside the clerk's entry of default against him, nor did he

4

respond to the Plaintiffs' motion for default judgment. So on April 12, 2024, after analyzing the relevant issues, the Court granted the unopposed motion (ECF No. 31) and entered a judgment against Lampkin (ECF No. 32).

Ten days later, Lampkin moved to set aside this default judgment. (ECF No. 33.) For the first time since the case was filed, Lampkin set out his "meritorious defenses to the allegations set forth in the complaint." (*Id.* at PageID.942.) But he is far too late to begin defending the case now.

## II.

Pursuant to Federal Rule of Civil Procedure 55(c), a default judgment may be set aside for good cause and in accordance with Rule 60(b). Rule 60(b) sets forth the following grounds for setting aside a default judgment: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released, or discharged; (6) any other relief justifying relief from judgment. Fed. R. Civ. P. 60(b)(1)-(6).

In *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983), the Court articulated three factors to be considered in deciding a Rule 60(b) motion to set aside a default judgment: (1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. To set aside a default judgment, the *United Coin* factors must balance in defendant's favor and the relief must be warranted for a reason set forth in Fed. R. Civ. P. 60(b). *See Thompson v Am. Home*

5

*Assurance Co.*, 95 F3d 429, 433 (6th Cir. 1996) ("Where Rule 60(b) is invoked to set aside a default judgment, the court must both consider the Rule 55 equitable factors as enumerated in *United Coin* and find that one of the specific requirements of Rule 60(b) is met." (citation omitted)); *Burrell v. Henderson,* 434 F.3d 826, 831–32 (6th Cir. 2006).

And, while "[p]ro se plaintiffs" like Lampkin "enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), "ignorance of the law, despite a litigant's *pro se* status, is no excuse for failure to follow established legal requirements," *Rodriguez v. Elo,* 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002).

## III.

While Lampkin does not specifically invoke any of Rule 60(b)'s provisions, grounds one, four, and six are most applicable here.[1] The Court will address each in turn.

---

[1] Lampkin invokes the Michigan rules for setting aside a default judgment, rather than the federal rules. (ECF No. 33, PageID.941 (citing Mich. Ct. R. 2.603(D) and Mich. Ct. R. 2.612(B)).) Michigan Court Rule 2.603(D) largely mirrors the federal standard and requires the defendant to show good cause and a meritorious defense. Michigan Court Rule 2.612(B) specifically applies where the defendant was not personally notified and "did not in fact have knowledge of the pendency of the action" –which was clearly not the case here.

Liberally construed, the Court understands Lampkin's arguments to be that his default was excusable under Rule 60(b)(1), the default judgment was void under Rule 60(b)(4) because he was never served, or that he is otherwise entitled to relief under Rule 60(b)(6)—the catchall provision of Rule 60(b). He makes no reference to newly discovered evidence under 60(b)(2), fraud or misconduct under 60(b)(3), or the judgment being discharged, vacated, or inequitable under 60(b)(5), so the Court will not address those provisions.

Lampkin argues that his "conduct leading to the default was not culpable" and was instead due to "significant financial hardship," difficulty retaining counsel, and "reli[ance] on others for the preparation of documents." (ECF No. 33, PageID.945.) The Court construes this as an argument of excusable neglect.

"When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of 'mistake, inadvertence, surprise, or excusable neglect.'" *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). The Sixth Circuit has further explained that the "culpable conduct" factor is the most critical consideration in a motion to set aside a default judgment under Rule 60(b)(1). *Id.* ("[Rule 60(b)(1)] mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect.") In fact, if culpable conduct of the defendant led to the default, that factor is dispositive, and the Court need not address the other two *United Coin* factors. *Id.* ("It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.")

It is clear that Lampkin's culpable conduct resulted in the entry of default judgment. He was well aware that this suit was proceeding against him. He was given numerous extensions and had multiple opportunities to answer the complaint, obtain legal advice, move to set aside the default, or otherwise defend the case. Instead, he evaded service, asked for extensions, failed to inform the Court of his proper address

7

or bankruptcy filing, and waited until a judgment was entered to even begin defending the case. There is no reason Lampkin could not have presented his "meritorious" defenses 20 months earlier when the complaint was filed. So he has not established that his default was due to mistake, inadvertence, or excusable neglect. And that factor is dispositive under Rule 60(b)(1).

Lampkin also argues that service was improper. (ECF No. 33, PageID.941 ("Defendant . . . was not personally served with the complaint and summons."); *id.* at PageID.942 ("As a result of not being properly notified of the lawsuit . . . Defendant failed to respond to the complaint in a timely manner."); *id.* at PageID.945 ("Defendant's conduct leading to the default was not culpable, as he was not properly served with the complaint and summons . . . .").) Rule 60(b)(4) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . the judgment is void." A judgment is void if the court lacks jurisdiction over the defendant. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). And a court lacks jurisdiction over the defendant if service was not effectuated. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003), *other aspects abrogated by Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022).

But here, service was properly effectuated. As the Court explained in its order granting the motion for default judgment:

> Pursuant to the Court's November 8, 2022, Order [granting alternate service], on November 14, 2022, Plaintiffs served a copy of the Summons and Complaint upon Kerry Ray Lampkin, via e-mail, at the following address: Kerryrlampkin@gmail.com. On November 19, 2022, Plaintiffs

8

> served a copy of the Summons and Complaint upon Kerry Ray Lampkin at 7461 Capps Ferry Road, Douglasville, GA 30135-6512 via Posting. Certificates of Service for Kerry Ray Lampkin were filed with the Court on November 15, 2022, and November 28, 2022. See ECF Nos. 17 and 20. . . . The Court finds that Plaintiffs have properly served Kerry Ray Lampkin with a copy of the Summons and Complaint under Rule 4 of the Federal Rules of Civil Procedure . . .

(ECF No. 31, PageID.933.) And what is more, Lampkin had actual notice of the complaint and service. After he was served, he continued to file motions in this case (*see* ECF Nos. 18, 23) and was warned—for the second time—that a failure to respond to the complaint would result in the entry of a default judgment (Text-Only Order, Jan. 24, 2023; *see also* Text-Only Order, Oct. 25, 2022). So Rule 60(b)(4) provides no basis to set aside the default judgment against Lampkin.

That leaves the catch-all provision. Under Rule 60(b)(6), relief from a judgment may be granted for "any other reason that justifies relief." But the Sixth Circuit has "repeatedly emphasized that Rule 60(b)(6) applies only in exceptional and extraordinary circumstances." *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002). Lampkin has made no showing of exceptional circumstances that warrant this extraordinary relief. He cites "financial constraints" and "challenges faced in obtaining legal representation" (ECF No. 33, PageID.942) but these are common challenges; and in any event, they do not explain Lampkin's failure to answer the complaint *pro se*.[2] So the Court need not address any further

---

[2] Plaintiffs point out that Lampkin is a sophisticated businessman and well-versed in the law, citing the fact that he is the registered agent for 15 different LLCs (ECF No. 34, PageID.951; *see also* ECF No. 34-4) and boasts of his business expertise and entrepreneurship on social media (ECF No. 34, PageID.952–953; *id.* at PageID.953 ("As evidenced by his social media platforms (also referenced in his

9

arguments under Rule 60(b)(6). *See White v. Estate of Johnson*, No. 18-11082, 2018 U.S. Dist. LEXIS 199110, at *5–6 (E.D. Mich. Nov. 26, 2018) (declining to analyze the *United Coin* factors under Rule 60(b)(6) where the defendant "made no showing of any exceptional circumstances.")

In short, Lampkin has not demonstrated that he is entitled to relief under any provision in Federal Rule of Civil Procedure 60(b). So the Court need not address the balance of the *United Coin* factors.

## IV.

For the reasons stated above, Lampkin's motion to set aside default judgment (ECF No. 33) is DENIED.

SO ORDERED.

Dated: October 31, 2024

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE

---

Motion), Lampkin claims that he is as sophisticated as they come—in order to get others to trust him with their money. Then, as here, when he is exposed, he suddenly claims ignorance, homelessness, and conjures up false stories that in reality were merely part of the plan he used to defraud each Plaintiff in this case out of hundreds of thousands of dollars.")). They also claim despite his bankruptcy proceedings, "Lampkin has been misrepresenting his alleged financial hardships to this Court . . . . [while simultaneously] using his social media posts to boast of significant monthly earnings from rentals of his own luxury cars." (*Id.* at PageID.953; *see also* ECF No. 14, PageID.210.) Regardless of whether Lampkin is skilled, unskilled, wealthy, or poor, "financial constraints" and "challenges obtaining representation" are not extraordinary and compelling reasons that warrant setting aside a default judgment—especially when accommodations are provided to account for these challenges.